FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2009 NOV -4 P 2: 17

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **BECKER DESIGNED, INC.,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 2:09-CV-554-RGD-FBS** |
| **v.** | |
| **INTERNATIONAL PRODUCT MARKETING, LLC, EVINCO, INC., ONE WAY FURNITURE, INC., CYMAX STORES USA, INC., MATTRESS USA, INC., IMPROVEMENT DIRECT, INC., EVOFURNITURE, LLC, and LIVING COMFORTS ETC LLC,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT

This is an action for patent infringement in which Becker Designed, Inc. makes the following allegations against International Product Marketing, LLC, Evinco, Inc., One Way Furniture, Inc., Cymax Stores USA, Inc., Mattress USA, Inc., Improvement Direct, Inc., Evofurniture, LLC, and Living Comforts Etc LLC (collectively, the "Defendants").

## PARTIES

1. Plaintiff Becker Designed, Inc. ("Plaintiff BDI") is a District of Columbia corporation with its principal place of business at 14954 Bogle Drive, Chantilly, Virginia 20151.

2. On information and belief, Defendant International Product Marketing, LLC ("IPM") is a Florida limited liability company with its corporate headquarters and principal place of business at1810 NE 144th Street, Miami, Florida, 33181.

3. On information and belief, Defendant Evinco, Inc. ("Evinco") is a New York corporation with its corporate headquarters and principal place of business at 303 Park Ave South, Suite 1408, New York, New York 10010.

4. On information and belief, Defendant One Way Furniture, Inc. ("One Way Furniture") is a New York corporation with its corporate headquarters and principal place of business at 200 Sherwood Avenue, 2nd Floor, Farmingdale, New York 11735.

5. On information and belief, Defendant Cymax Stores USA, Inc. ("Cymax") is a Washington corporation with its corporate headquarters and principal place of business at 114 West Magnolia Street, Suite 442, Bellingham, Washington 98225.

6. On information and belief, Defendant Mattress USA, Inc. ("Mattress USA") is a Michigan corporation with its corporate headquarters and principal place of business at 1289 Rickett Road, Brighton, Michigan 48116.

7. On information and belief, Defendant Improvement Direct, Inc. ("Improvement Direct") is a California corporation with its corporate headquarters and principal place of business at 282 Convair Avenue, Chico, California 95973.

8. On information and belief, Defendant Evofurniture, LLC ("Evofurniture") is a New Jersey limited liability company with its corporate headquarters and principal place of business at 1 Madison Street, Unit F-3, East Rutherford, New Jersey 07073.

9. On information and belief, Defendant Living Comforts Etc LLC ("Living Comforts") is a New Jersey limited liability company with its corporate headquarters and principal place of business at 98 Trinity Place, Avenel, New Jersey 07001.

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Each of the Defendants has the requisite minimum contacts with, regularly have done and/or do business in, and have committed acts of infringement as defined in 35 U.S.C. § 271 within this Judicial District, including the sale and/or offer for sale of infringing products as further set forth below.

12. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff BDI is the owner by assignment of the entire interest in United States Patent No. D522,773 ("the '773 Patent") entitled "Enclosed Cabinet for Audio/Video Components." William M. Becker is listed as the sole inventor for the '773 Patent. The '773 Patent issued on June 13, 2006. A true and correct copy of the '773 Patent is attached hereto as Exhibit A.

14. Plaintiff BDI manufactures and sells a home theater cabinet called the "Avion® Series II 8929," which is a commercial embodiment of the claimed design of the '773 Patent. Photographs of the Avion® Series II 8929 cabinet are attached hereto as Exhibit B.

15. Plaintiff BDI is the owner by assignment of the entire interest in United States Patent No. D528,827 ("the '827 Patent") entitled "Enclosed Cabinet for Audio/Video Components." William M. Becker is listed as the sole inventor for the '827 Patent. The '827

Patent issued on September 26, 2006. A true and correct copy of the '827 Patent is attached hereto as Exhibit C.

16. Plaintiff BDI manufactures and sells a home theater cabinet called the "Avion® Series II 8928," which is a commercial embodiment of the claimed design of the '827 Patent. Photographs of the Avion® Series II 8928 cabinet are attached hereto as Exhibit D.

17. Plaintiff BDI has complied with the marking requirements of 35 U.S.C. § 287(a) with respect to the '773 Patent and the '827 Patent.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. D522,773
## Plaintiff BDI v. Defendant IPM

18. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1-17 as if fully set forth.

19. On information and belief, Defendant IPM owns, controls and/or operates the website located at URL http://www.modloft.com.

20. On information and belief, Defendant IPM has sold and/or offered for sale, on or after the issue date of the '773 Patent, a product named the "MD215-Oliver Entertainment Center." A screen capture showing this product at www.modloft.com is attached as Exhibit E.

21. On information and belief, Defendant IPM continues to sell and/or offer for sale the product referred to in paragraph 20.

22. On information and belief, Defendant IPM imported the products referred to in paragraph 20 into the United States, on or after the issue date of the '773 Patent.

23. The acts referred to in paragraphs 20 through 22 were engaged in without authority from Plaintiff BDI.

24. Each of the acts referred to in paragraphs 20 through 22 constitute infringement of the '773 Patent.

25. On information and belief, during at least a portion of the period of time that Defendant IPM engaged in the acts referred to in paragraphs 20 through 22, Defendant IPM had actual knowledge of the '773 Patent.

26. On information and belief, during at least a portion of the period of time that Defendant IPM engaged in the acts referred to in paragraphs 20 through 22, Defendant IPM knew or should have known that its acts constituted infringement of the '773 Patent.

27. On information and belief, Defendant IPM's infringement of the '773 patent is willful.

**COUNT II**
**INDIRECT INFRINGEMENT OF U.S. PATENT NO. D522,773**
**ACTIVE INDUCEMENT**
**Plaintiff BDI v. Defendant IPM**

28. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 27 as if fully set forth.

29. On information and belief, Defendant IPM, on or after the issue date of the '773 Patent, sold and/or offered for sale products that infringe the '773 Patent to Defendants Evinco, One Way Furniture, Cymax, Mattress USA, Improvement Direct, Evofurniture, Living Comforts, and other retailers (collectively, the "Retailers"), knowing that the Retailers would offer for sale and/or sell the products within the United States.

30. On information and belief, Defendant IPM continues to engage in the acts referred to in paragraph 29.

31. Defendant IPM's acts, as set forth in paragraphs 29 and 30, were engaged in without authority from Plaintiff BDI.

32. The acts referred to in paragraphs 29 and 30 constitute infringement of the '773 Patent by Defendant IPM by active inducement.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT NO. D528,827
## Plaintiff BDI v. Defendant IPM

33. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1-32 as if fully set forth.

34. On information and belief, Defendant IPM has sold and/or offered for sale, on or after the issue date of the '827 Patent, a product named the "MD216-Oliver Entertainment Center" at www.modloft.com. Screen captures showing this product in two different finishes are attached as Exhibit F and Exhibit G.

35. On information and belief, Defendant IPM continues to sell and/or offer for sale the product referred to in paragraph 34.

36. On information and belief, Defendant IPM imported the product referred to in paragraph 34 into the United States, on or after the issue date of the '827 Patent.

37. The acts referred to in paragraphs 34 through 36 were engaged in without authority from Plaintiff BDI.

38. Each of the acts referred to in paragraphs 34 through 36 constitute infringement of the '827 Patent.

39. On information and belief, during at least a portion of the period of time that Defendant IPM engaged in the acts referred to in paragraphs 34 through 36, Defendant IPM had actual knowledge of the '827 Patent.

40. On information and belief, during at least a portion of the period of time that Defendant IPM engaged in the acts referred to in paragraphs 34 through 36, Defendant IPM knew or should have known that its acts constituted infringement of the '827 Patent.

41. On information and belief, Defendant IPM's infringement of the '827 patent is willful.

**COUNT IV**
**INDIRECT INFRINGEMENT OF U.S. PATENT NO. D528,827**
**ACTIVE INDUCEMENT**
**Plaintiff BDI v. Defendant IPM**

42. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 41 as if fully set forth.

43. On information and belief, Defendant IPM, on or after the issue date of the '827 Patent, sold and/or offered for sale products that infringe the '827 Patent to the Retailers, knowing that the Retailers would offer for sale and/or sell the products within the United States.

44. On information and belief, Defendant IPM continues to engage in the acts referred to in paragraph 43.

45. Defendant IPM's acts, as set forth in paragraphs 43 and 44, were engaged in without authority from Plaintiff BDI.

46. The acts referred to in paragraphs 43 and 44 constitute infringement of the '827 Patent by Defendant IPM by active inducement.

**COUNT V**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D522,773**
**Plaintiff BDI v. Defendant Evinco, Inc.**

47. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 46 as if fully set forth.

48. On information and belief, Defendant Evinco owns, controls and/or operates the website located at URL http://www.evincodesign.com.

49. On information and belief, Defendant Evinco has sold and/or offered for sale, on or after the issue date of the '773 Patent, a product named the "Modloft Oliver Entertainment Center," which is identified as Item No. MD215. Screen captures showing this product at www.evincodesign.com are attached as Exhibit H.

50. On information and belief, Defendant Evinco continues to sell and/or offer for sale the product referred to in paragraph 49.

51. On information and belief, during at least a portion of the period of time that Defendant Evinco has sold and/or offered for sale the product referred to in paragraph 49, Defendant Evinco had actual knowledge of the '773 Patent.

52. On information and belief, during at least a portion of the period of time that Defendant Evinco sold and/or offered for sale the product referred to in paragraph 49, Defendant Evinco knew or should have known that the products infringed the '773 Patent.

53. Defendant Evinco's acts, as set forth in paragraphs 49 and 50, were engaged in without authority from Plaintiff BDI.

54. The acts referred to in paragraphs 49 and 50 constitute direct infringement of the '773 Patent by Defendant Evinco.

55. On information and belief, Defendant Evinco's infringement of the '773 Patent is willful.

**COUNT VI**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D528,827**
**Plaintiff BDI v. Defendant Evinco, Inc.**

56. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 55 as if fully set forth.

57. On information and belief, Defendant Evinco has sold and/or offered for sale, on or after the issue date of the '827 Patent, a product named the "Modloft Oliver Entertainment Center (short)," which is identified as Item No. MD216. A screen capture showing the page at www.evincodesign.com at which the product is being offered for sale is attached as Exhibit I.

58. On information and belief, Defendant Evinco continues to sell and/or offer for sale the product referred to in paragraph 57.

59. On information and belief, during at least a portion of the period of time that Defendant Evinco has sold and/or offered for sale the product referred to in paragraph 57, Defendant Evinco had actual knowledge of the '827 Patent.

60. On information and belief, during at least a portion of the period of time that Defendant Evinco sold and/or offered for sale the product referred to in paragraph 57, Defendant Evinco knew or should have known that the products infringed the '827 Patent.

61. Defendant Evinco's acts, as set forth in paragraphs 57 and 58, were engaged in without authority from Plaintiff BDI.

62. The acts referred to in paragraphs 57 and 58 constitute direct infringement of the '827 Patent by Defendant Evinco.

63. On information and belief, Defendant Evinco's infringement of the '827 Patent is willful.

**COUNT VII**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D522,773**
**Plaintiff BDI v. Defendant One Way Furniture, Inc.**

64. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 63 as if fully set forth.

65. On information and belief, Defendant One Way Furniture owns, controls and/or operates the website located at URL http://www.onewayfurniture.com.

66. On information and belief, Defendant One Way Furniture has sold and/or offered for sale, on or after the issue date of the '773 Patent, a product named the "Modloft Oliver Entertainment Center 77" Wide," which is identified as Item No. MD215. Screen captures showing this product at www.onewayfurniture.com are attached as Exhibit J.

67. On information and belief, Defendant One Way Furniture continues to sell and/or offer for sale the product referred to in paragraph 66.

68. On information and belief, during at least a portion of the period of time that Defendant One Way Furniture has sold and/or offered for sale the product referred to in paragraph 66, Defendant One Way Furniture had actual knowledge of the '773 Patent.

69. On information and belief, during at least a portion of the period of time that Defendant One Way Furniture sold and/or offered for sale the product referred to in paragraph 66, Defendant One Way Furniture knew or should have known that the products infringed the '773 Patent.

70. Defendant One Way Furniture's acts, as set forth in paragraphs 66 and 67, were engaged in without authority from Plaintiff BDI.

71. The acts referred to in paragraphs 66 and 67 constitute direct infringement of the '773 Patent by Defendant One Way Furniture.

72. On information and belief, Defendant One Way Furniture's infringement of the '773 Patent is willful.

**COUNT VIII**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D528,827**
**Plaintiff BDI v. Defendant One Way Furniture, Inc.**

73. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 72 as if fully set forth.

74. On information and belief, Defendant One Way Furniture has sold and/or offered for sale, on or after the issue date of the '827 Patent, a product named the "Modloft Oliver Entertainment Center 42" Wide," which is identified as Item No. MD216. Screen captures showing this product at www.onewayfurniture.com are attached as Exhibit K.

75. On information and belief, Defendant One Way Furniture continues to sell and/or offer for sale the product referred to in paragraph 74.

76. On information and belief, during at least a portion of the period of time that Defendant One Way Furniture has sold and/or offered for sale the product referred to in paragraph 74, Defendant One Way Furniture had actual knowledge of the '827 Patent.

77. On information and belief, during at least a portion of the period of time that Defendant One Way Furniture sold and/or offered for sale the product referred to in paragraph 74, Defendant One Way Furniture knew or should have known that the products infringed the '827 Patent.

78. Defendant One Way Furniture's acts, as set forth in paragraphs 74 and 75, were engaged in without authority from Plaintiff BDI.

79. The acts referred to in paragraphs 74 and 75 constitute direct infringement of the '827 Patent by Defendant One Way Furniture.

80. On information and belief, Defendant One Way Furniture's infringement of the '827 Patent is willful.

**COUNT IX**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D522,773**
**Plaintiff BDI v. Defendant Cymax Stores USA, Inc.**

81. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 80 as if fully set forth.

82. On information and belief, Defendant Cymax owns, controls and/or operates the websites located at URLs http://www.audio-video-furniture.com, http://www.morebedroomsets.com, and http://www.everysofa.com.

83. On information and belief, Defendant Cymax has sold and/or offered for sale, on or after the issue date of the '773 Patent, a product named the "Modloft Oliver 77" Entertainment Center," which is identified as Item No. 209150. Screen captures showing this product at www.audio-video-furniture.com are attached as Exhibit L. Screen captures showing this product at www.morebedroomsets.com are attached as Exhibit M. Screen captures showing this product at www.everysofa.com are attached as Exhibit N.

84. On information and belief, Defendant Cymax continues to sell and/or offer for sale the product referred to in paragraph 83.

85. On information and belief, during at least a portion of the period of time that Defendant Cymax has sold and/or offered for sale the product referred to in paragraph 83, Defendant Cymax had actual knowledge of the '773 Patent.

86. On information and belief, during at least a portion of the period of time that Defendant Cymax sold and/or offered for sale the product referred to in paragraph 83, Defendant Cymax knew or should have known that the products infringed the '773 Patent.

87. Defendant Cymax's acts, as set forth in paragraphs 83 and 84, were engaged in without authority from Plaintiff BDI.

88. The acts referred to in paragraphs 83 and 84 constitute direct infringement of the '773 Patent by Defendant Cymax.

89. On information and belief, Defendant Cymax's infringement of the '773 Patent is willful.

**COUNT X**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D528,827**
**Plaintiff BDI v. Defendant Cymax Stores USA, Inc.**

90. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 89 as if fully set forth.

91. On information and belief, Defendant Cymax has sold and/or offered for sale, on or after the issue date of the '827 Patent, a product named the "Modloft Oliver 42" Entertainment Center," which is identified as Item No. 209151. Screen captures showing this product at www.audio-video-furniture.com are attached as Exhibit O. Screen captures showing this product at www.morebedroomsets.com are attached as Exhibit P. Screen captures showing this product at www.everysofa.com are attached as Exhibit Q.

92. On information and belief, Defendant One Way Furniture continues to sell and/or offer for sale the product referred to in paragraph 91.

93. On information and belief, during at least a portion of the period of time that Defendant Cymax has sold and/or offered for sale the product referred to in paragraph 91, Defendant Cymax had actual knowledge of the '827 Patent.

94. On information and belief, during at least a portion of the period of time that Defendant Cymax sold and/or offered for sale the product referred to in paragraph 91, Defendant Cymax knew or should have known that the products infringed the '827 Patent.

95. Defendant One Way Furniture's acts, as set forth in paragraphs 91 and 92, were engaged in without authority from Plaintiff BDI.

96. The acts referred to in paragraphs 91 and 92 constitute direct infringement of the '827 Patent by Defendant Cymax.

97. On information and belief, Defendant Cymax's infringement of the '827 Patent is willful.

**COUNT XI**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D522,773**
**Plaintiff BDI v. Defendant Mattress USA, Inc.**

98. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 97 as if fully set forth.

99. On information and belief, Defendant Mattress USA owns, controls and/or operates the website located at URL http://www.furniturecrate.com.

100. On information and belief, Defendant Mattress USA has sold and/or offered for sale, on or after the issue date of the '773 Patent, a product named the "Modloft Oliver 77 Inch Entertainment Center," which is identified as Item Nos. MD215-WEN, MD215-WAL, and MD215-LAQ. Screen captures showing this product at www.furniturecrate.com are attached as Exhibit R.

101. On information and belief, Defendant Mattress USA continues to sell and/or offer for sale the product referred to in paragraph 100.

102. On information and belief, during at least a portion of the period of time that Defendant Mattress USA has sold and/or offered for sale the product referred to in paragraph 100, Defendant Mattress USA had actual knowledge of the '773 Patent.

103. On information and belief, during at least a portion of the period of time that Defendant Mattress USA sold and/or offered for sale the product referred to in paragraph 100, Defendant Mattress USA knew or should have known that the products infringed the '773 Patent.

104. Defendant Mattress USA's acts, as set forth in paragraphs 100 and 101, were engaged in without authority from Plaintiff BDI.

105. The acts referred to in paragraphs 100 and 101 constitute direct infringement of the '773 Patent by Defendant Mattress USA.

106. On information and belief, Defendant Mattress USA's infringement of the '773 Patent is willful.

**COUNT XII**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D528,827**
**Plaintiff BDI v. Defendant Mattress USA, Inc.**

107. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 106 as if fully set forth.

108. On information and belief, Defendant Mattress USA has sold and/or offered for sale, on or after the issue date of the '827 Patent, a product named the "Modloft Oliver 42 Inch Entertainment Center," which is identified as Item Nos.MD216-WEN, MD216-WAL, and MD216-LAQ. Screen captures showing this product at www.furniturecrate.com are attached as Exhibit S.

109. On information and belief, Defendant Mattress USA continues to sell and/or offer for sale the product referred to in paragraph 108.

110. On information and belief, during at least a portion of the period of time that Defendant Mattress USA has sold and/or offered for sale the product referred to in paragraph 108, Defendant Mattress USA had actual knowledge of the '827 Patent.

111. On information and belief, during at least a portion of the period of time that Defendant Mattress USA sold and/or offered for sale the product referred to in paragraph 108, Defendant Mattress USA knew or should have known that the products infringed the '827 Patent.

112. Defendant Mattress USA's acts, as set forth in paragraphs 108 and 109, were engaged in without authority from Plaintiff BDI.

113. The acts referred to in paragraphs 108 and 109 constitute direct infringement of the '827 Patent by Defendant Mattress USA.

114. On information and belief, Defendant Mattress USA's infringement of the '827 Patent is willful.

**COUNT XIII**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D522,773**
**Plaintiff BDI v. Defendant Improvement Direct, Inc.**

115. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 114 as if fully set forth.

116. On information and belief, Defendant Improvement Direct owns, controls and/or operates the website located at URL http://www.morehome.com.

117. On information and belief, Defendant Improvement Direct has sold and/or offered for sale, on or after the issue date of the '773 Patent, a product named the "Modloft MD215

Oliver Entertainment Center," which is identified as Item Nos. MD215-WEN, MD215-WAL, and MD215-LAQ. Screen captures showing this product at www.morehome.com are attached as Exhibit T.

118. On information and belief, Defendant Improvement Direct continues to sell and/or offer for sale the product referred to in paragraph 117.

119. On information and belief, during at least a portion of the period of time that Defendant Improvement Direct has sold and/or offered for sale the product referred to in paragraph 117, Defendant Improvement Direct had actual knowledge of the '773 Patent.

120. On information and belief, during at least a portion of the period of time that Defendant Improvement Direct sold and/or offered for sale the product referred to in paragraph 117, Defendant Improvement Direct knew or should have known that the products infringed the '773 Patent.

121. Defendant Improvement Direct's acts, as set forth in paragraphs 117 and 118, were engaged in without authority from Plaintiff BDI.

122. The acts referred to in paragraphs 117 and 118 constitute direct infringement of the '773 Patent by Defendant Improvement Direct.

123. On information and belief, Defendant Improvement Direct's infringement of the '773 Patent is willful.

**COUNT XIV**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D528,827**
**Plaintiff BDI v. Defendant Improvement Direct, Inc.**

124. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 123 as if fully set forth.

125. On information and belief, Defendant Improvement Direct has sold and/or offered for sale, on or after the issue date of the '827 Patent, a product named the "Modloft MD216 Oliver Entertainment Center," which is identified as Item Nos. MD216-WEN, MD216-WAL, and MD216-LAQ. Screen captures showing this product at www.morehome.com are attached as Exhibit U.

126. On information and belief, Defendant Improvement Direct continues to sell and/or offer for sale the product referred to in paragraph 125.

127. On information and belief, during at least a portion of the period of time that Defendant Improvement Direct has sold and/or offered for sale the product referred to in paragraph 125, Defendant Improvement Direct had actual knowledge of the '827 Patent.

128. On information and belief, during at least a portion of the period of time that Defendant Improvement Direct sold and/or offered for sale the product referred to in paragraph 125, Defendant Improvement Direct knew or should have known that the products infringed the '827 Patent.

129. Defendant Improvement Direct's acts, as set forth in paragraphs 125 and 126, were engaged in without authority from Plaintiff BDI.

130. The acts referred to in paragraphs 125 and 126 constitute direct infringement of the '827 Patent by Defendant Improvement Direct.

131. On information and belief, Defendant Improvement Direct's infringement of the '827 Patent is willful.

**COUNT XV**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D522,773**
**Plaintiff BDI v. Defendant Evofurniture, LLC**

132. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 131 as if fully set forth.

133. On information and belief, Defendant Evofurniture owns, controls and/or operates the website located at URL http://www.inmod.com.

134. On information and belief, Defendant Evofurniture has sold and/or offered for sale, on or after the issue date of the '773 Patent, a product named the "Oliver Entertainment Center," which is identified as Item No. ml-md215. Screen captures showing this product at www.inmod.com are attached as Exhibit V.

135. On information and belief, Defendant Evofurniture continues to sell and/or offer for sale the product referred to in paragraph 134.

136. On information and belief, during at least a portion of the period of time that Defendant Evofurniture has sold and/or offered for sale the product referred to in paragraph 134, Defendant Evofurniture had actual knowledge of the '773 Patent.

137. On information and belief, during at least a portion of the period of time that Defendant Evofurniture sold and/or offered for sale the product referred to in paragraph 134, Defendant Evofurniture knew or should have known that the products infringed the '773 Patent.

138. Defendant Evofurniture's acts, as set forth in paragraphs 134 and 135, were engaged in without authority from Plaintiff BDI.

139. The acts referred to in paragraphs 134 and 135 constitute direct infringement of the '773 Patent by Defendant Evofurniture.

140. On information and belief, Defendant Evofurniture's infringement of the '773 Patent is willful.

**COUNT XVI**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D528,827**
**Plaintiff BDI v. Defendant Evofurniture, LLC**

141. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 140 as if fully set forth.

142. On information and belief, Defendant Evofurniture has sold and/or offered for sale, on or after the issue date of the '827 Patent, a product named the "Oliver TV Stand," which is identified as Item No. ml-md216. Screen captures showing this product at www.inmod.com are attached as Exhibit W.

143. On information and belief, Defendant Evofurniture continues to sell and/or offer for sale the product referred to in paragraph 142.

144. On information and belief, during at least a portion of the period of time that Defendant Evofurniture has sold and/or offered for sale the product referred to in paragraph 142, Defendant Evofurniture had actual knowledge of the '827 Patent.

145. On information and belief, during at least a portion of the period of time that Defendant Evofurniture sold and/or offered for sale the product referred to in paragraph 142, Defendant Evofurniture knew or should have known that the products infringed the '827 Patent.

146. Defendant Evofurniture's acts, as set forth in paragraphs 142 and 143, were engaged in without authority from Plaintiff BDI.

147. The acts referred to in paragraphs 142 and 143 constitute direct infringement of the '827 Patent by Defendant Evofurniture.

148. On information and belief, Defendant Evofurniture's infringement of the '827 Patent is willful.

**COUNT XVII**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D522,773**
**Plaintiff BDI v. Defendant Living Comforts Etc, LLC**

149. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 148 as if fully set forth.

150. On information and belief, Defendant Living Comforts owns, controls and/or operates the website located at URL http://www.livingcomforts.com.

151. On information and belief, Defendant Living Comforts has sold and/or offered for sale, on or after the issue date of the '773 Patent, a product named the "Modloft Oliver Entertainment Centers MD215," which is identified as Item No. MD215. Screen captures showing this product at www.livingcomforts.com are attached as Exhibit X.

152. On information and belief, Defendant Living Comforts continues to sell and/or offer for sale the product referred to in paragraph 151.

153. On information and belief, during at least a portion of the period of time that Defendant Living Comforts has sold and/or offered for sale the product referred to in paragraph 151, Defendant Living Comforts had actual knowledge of the '773 Patent.

154. On information and belief, during at least a portion of the period of time that Defendant Living Comforts sold and/or offered for sale the product referred to in paragraph 151, Defendant Living Comforts knew or should have known that the products infringed the '773 Patent.

155. Defendant Living Comforts' acts, as set forth in paragraphs 151 and 152, were engaged in without authority from Plaintiff BDI.

156. The acts referred to in paragraphs 151 and 152 constitute direct infringement of the '773 Patent by Defendant Living Comforts.

157. On information and belief, Defendant Living Comforts' infringement of the '773 Patent is willful.

**COUNT XVIII**
**DIRECT INFRINGEMENT OF U.S. PATENT NO. D528,827**
**Plaintiff BDI v. Defendant Living Comforts Etc, LLC**

158. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 157 as if fully set forth.

159. On information and belief, Defendant Living Comforts has sold and/or offered for sale, on or after the issue date of the '827 Patent, a product named the "Modloft Oliver Entertainment Centers MD216," which is identified as Item No. MD216. Screen captures showing this product at www.livingcomforts.com are attached as Exhibit Y.

160. On information and belief, Defendant Living Comforts continues to sell and/or offer for sale the product referred to in paragraph 159.

161. On information and belief, during at least a portion of the period of time that Defendant Living Comforts has sold and/or offered for sale the product referred to in paragraph 159, Defendant Living Comforts had actual knowledge of the '827 Patent.

162. On information and belief, during at least a portion of the period of time that Defendant Living Comforts sold and/or offered for sale the product referred to in paragraph 159, Defendant Living Comforts knew or should have known that the products infringed the '827 Patent.

163. Defendant Living Comforts's acts, as set forth in paragraphs 159 and 160, were engaged in without authority from Plaintiff BDI.

164. The acts referred to in paragraphs 159 and 160 constitute direct infringement of the '827 Patent by Defendant Living Comforts.

165. On information and belief, Defendant Living Comforts's infringement of the '827 Patent is willful.

**COUNT XIX**
**BREACH OF CONTRACT**
**Plaintiff BDI v. Defendant Evofurniture, LLC**

166. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 165 as if fully set forth.

167. On April 13, 2009, BDI and Evofurniture entered into an agreement (the "BDI/Evofurniture Settlement Agreement") by which Evofurniture agreed to discontinue sales of products which BDI alleged to have infringed one or more of BDI's active U.S. patents.

168. The terms of the BDI/Evofurniture Settlement Agreement are confidential.

169. The acts referred to in paragraphs 134-135 and 142-143 constitute a material breach of the BDI/Evofurniture Settlement Agreement by Defendant Evofurniture.

170. BDI has suffered damages as a result of this breach.

**COUNT XX**
**BREACH OF CONTRACT**
**Plaintiff BDI v. Defendant Living Comforts Etc, LLC**

171. Plaintiff BDI incorporates by reference the allegations stated in paragraphs 1 through 170 as if fully set forth.

172. On April 13, 2009, BDI and Living Comforts entered into an agreement (the "BDI/Living Comforts Settlement Agreement") by which Living Comforts agreed to discontinue sales of products which BDI alleged to have infringed one or more of BDI's active U.S. patents.

173. The terms of the BDI/Living Comforts Settlement Agreement are confidential.

174. The acts referred to in paragraphs 151-152 and 159-160 constitute a material breach of the BDI/Living Comforts Settlement Agreement by Defendant Living Comforts.

175. BDI has suffered damages as a result of this breach.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff BDI respectfully prays as follows:

(a) That it is decreed that each of the Defendants has infringed the '773 Patent;

(b) That it be decreed that the '773 Patent is valid and enforceable;

(c) That it is decreed that each of the Defendants has infringed the '827 Patent;

(d) That it be decreed that the '827 Patent is valid and enforceable;

(e) That the Defendants be ordered to account for and pay damages adequate to compensate Plaintiff BDI for its damages caused by the infringements by Defendants of the patents in suit;

(f) That these damages be increased, pursuant to 35 U.S.C § 284, to up to three times the actual damages found or assessed by the Court, and that interest be paid by each Defendant from the date of its initial infringement;

(g) That Plaintiff BDI be awarded its attorneys fees, pursuant to 35 U.S.C. § 285, and assessment of interest, costs, and expenses for this suit;

(h) That a permanent injunction be issued enjoining the Defendants from future acts of infringement;

(i) That the BDI/Evofurniture Settlement Agreement and BDI/Living Comforts Settlement Agreement be declared valid and enforceable;

(j) That Evofurniture, LLC and Living Comforts Etc LLC be declared in breach of the BDI/Evofurniture Settlement Agreement and BDI/Living Comforts Settlement Agreement, respectively;

(k) That Defendants Evofurniture, LLC and Living Comforts Etc LLC be ordered to account for and pay damages adequate to compensate Plaintiff BDI for its damages caused by the respective defendant's breach of contract; and

(l) That Plaintiff BDI be granted such other and further relief as may be deemed proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff BDI, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**CARR, MORRIS & GRAEFF, P.C.**

Roy R. Morris, Virginia Bar No. 16053
Dana G. Theriot, Virginia Bar No. 44100
Justin T. Banford, Virginia Bar No. 71776
8300 Boone Boulevard
Suite 250
Vienna, Virginia 22182
Telephone: 703-288-2900
Facsimile: 703-299-9550
E-mail: rmorris@cmgpc.com
dtheriot@cmgpc.com
jbanford@cmgpc.com

**DESIGN IP, P.C.**

Damon A. Neagle (*Pro Hac Vice Pending*)
Commerce Corporate Center
5100 W. Tilghman Street, Suite 205
Allentown, PA 18104
Telephone: (610) 395-8270
Facsimile: (610) 680-3312
E-mail: damonneagle@designip.com

ATTORNEYS FOR PLAINTIFF BECKER DESIGNED, INC.

Dated: November 4, 2009